UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO LARA SANCHEZ (A No. 097-808-543),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No. 1:26-cv-07986 DAD CKD P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Central Valley Annex ICE Detention Facility, proceeds with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1] For the following reasons, the Court recommends that the petition be DENIED. Petitioner separately filed a request for the Court to consider his certified criminal court records. The Court has considered the records, and the request is granted.

////

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. Background

Petitioner is a native and citizen of Mexico. ECF No. 5 at 15. He entered the United States at an unknown location in September 1988. ECF No. 5 at 16.

On July 18, 1997, Petitioner entered a plea of guilty to one count of first-degree aggravated robbery under Texas Penal Code 29.03. ECF No. 5 at 23; 6 at 2–3.

On June 25, 2007, Petitioner entered a plea of guilty to one count of driving while intoxicated under Texas Penal Code 49.04. ECF No. 5 at 25.

On July 28, 2017, Petitioner entered a plea of no contest to one count of driving while intoxicated, second offense under Texas Penal Code 49.09(a). ECF No. 5 at 27.

On October 14, 2025, Petitioner entered a plea of guilty to one count of driving while intoxicated, third or more under Texas Penal Code 49.09(b). ECF No. 5 at 28.

On August 31, 2026, Petitioner completed his sentence for his October 14, 2025, conviction and was immediately detained by ICE and placed into removal proceedings. ECF No. 1 at 6; 5 at 19, 33.

Online Executive Office of Immigration Review (EOIR) records reveal that Petitioner is scheduled for master calendar hearing before an immigration judge on December 8, 2026.

Petitioner argues that he has not received a hearing before an immigration judge to conduct a custody or bond determination. ECR No. 1 at 6. Respondents argue that Petitioner is ineligible for release under 8 U.S.C. § 1226(c)(1)(A) pending his individual hearing before an immigration judge due to his conviction of a crime involving moral turpitude (CIMT). ECF No. 5 at 3.

## II. Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law.

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Analysis

Under the Texas Penal Code, a person commits robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, [the person] (1) intentionally, knowingly, or recklessly causes injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. TEX. PENAL CODE ANN. § 29.02(a). A person commits aggravated robbery when the person causes serious bodily injury to another, uses or exhibits a deadly weapon, or causes bodily injury or fear of imminent bodily injury or death to a person who is disabled or at least sixty-five years old. TEX. PENAL CODE ANN. § 29.02(a).

"Theft" occurs where a person "unlawfully appropriates property with intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a). The Texas Penal Code defines "deprive" as follow:

> (A) to withhold property from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner;
>
> (B) to restore property only upon payment of reward or other compensation; or
>
> (C) to dispose of property in a manner that makes recover of the property by the owner unlikely.

TEX. PENAL CODE ANN. § 31.01(2).

The categorical and modified categorical approaches as outlined in Taylor v. United States, 494 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2nd 607 (1990), are applied to determine whether a specific crime constitutes a CIMT. Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1017 (9th Cir. 2005). Under the categorical approach, the Court asks whether the full range of conduct

encompassed by the criminal statute constitutes a CIMT. Morales v. Gonzales, 478 F.3d 972, 978 (9th Cir. 2007) (citing Cuevas-Gaspar, 430 F.3d at 1017). The categorical approach is conducted by comparing the elements of a state crime with the elements of a crime that has already been found to be a CIMT, and relies on both the statutory language and prior interpretation of that language in judicial opinions. Mendoza v. Holder, 623 F.3d 1299, 1302–03 (9th Cir. 2010).

Petitioner's prior conviction of aggravated robbery constitutes a CIMT. Generally, convictions for theft constitute CIMTs where the convicted person intended to permanently deprive the property owner of the possession, use, or benefit of their property. See Silva v. Garland, 993 F.3d 705, 713 (9th Cir. 2021). And theft has been recognized as a lesser-included offense of robbery. Mendoza, 623 F.3d at 1303–04. Here, Petitioner's conviction of aggravated robbery included as an essential element an intent to "deprive," which pursuant to its definition requires a permanent talking of property or its use or benefit. Petitioner's conviction contains as an element a charge previously determined to be a CIMT, and is therefore itself a CIMT.

As a person convicted of a CIMT, Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c), and is not eligible for release pending his individual hearing. Denmore v. Kim, 538 U.S. 510, 513 (2003); 8 U.S.C. §§ 1182(a)(2)(A)(i)(I); 1226(c)(1)(A),.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request to consider his criminal court records (ECF No. 6) is GRANTED.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

2. Petitioner's petition for writ of habeas corpus (ECF No. 1) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within FOURTEEN days after being served with these findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

/////

/////

/////

objections shall be served and filed within FOURTEEN days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 23, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

23
Lara.7986.imm.F&R